[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12905
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2010
JOHN LEY
CLERK

Agency No. A094-911-744

MARIA TOMAS JUAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 2, 2010)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Maria Tomas Juan, a native and citizen of Guatemala, proceeding *pro se*,

appeals the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"). INA §§ 208, 241; 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). On appeal, Tomas Juan argues that the BIA erroneously denied her asylum application because there are extraordinary circumstances, namely the fact that she entered the United States at age thirteen, that excuse the untimely filing of her petition. She further argues that she suffered past persecution on account of a protected ground because she is a member of a particular social group, the Mayans, and she suffered persecution at the hands of guerrillas who attacked her village.

We deny Tomas Juan's petition for the following reasons. First, we do not have jurisdiction over her asylum claim. The IJ determined that Tomas Juan failed to file an asylum application within one year of her arrival in the United States in accordance with INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B), or present extraordinary or changed circumstances to excuse her untimeliness pursuant to INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). Thereafter, Tomas Juan failed to

challenge this determination before the Board.[1]  Accordingly, we lack jurisdiction to consider her claim that her youth at the time of entry, limited education, lack of proficiency in the Spanish language, and economic circumstances qualify as an exception to the one-year deadline.  *Amaya-Artunduaga v. U.S. Atty. Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) ("[W]e lack jurisdiction to consider claims that have not been raised before the BIA.") (quotation omitted).  Moreover, even if Tomas Juan had appealed the IJ's determination before the BIA, we would still lack jurisdiction to consider her claims regarding extraordinary and changed circumstances.  *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 957 (11th Cir. 2005) (per curiam) ("8 U.S.C. § 1158(a)(3) divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing.") (quotation omitted).  Therefore, we dismiss Tomas Juan's petition for asylum due to lack of jurisdiction.

We also deny Tomas Juan's petition for withholding and CAT relief because she is unable to satisfy the "more stringent" standards governing these claims.  *See Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 891 (11th Cir. 2007) (quotation omitted) ("To qualify for withholding of removal or CAT relief, an alien

---

[1]     Although the BIA noted its agreement with the IJ's denial of Tomas Juan's asylum application due to untimely filing, it also noted that Tomas Juan did not challenge this determination on appeal.

3

must establish standards more stringent than those for asylum eligibility."). In addition to demonstrating past or future persecution, to qualify for withholding of removal, an alien must demonstrate that it is more likely than not that her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion if removed. INA §241(b)(3), 8 U.S.C. § 1231(b)(3); *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1243 (11th Cir. 2006). CAT relief is only available where an alien can demonstrate a likelihood that she will be tortured at the "acquiescence" of the government upon return to her home country. *Rodriguez Morales*, 488 F.3d at 891.

Where the BIA issues its own opinion, as here, we review only that decision. *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009) (quotation omitted). We review the BIA's findings of fact under the "highly deferential" substantial evidence test, which requires that we affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation omitted). Thus, we may reverse "only when the record *compels* a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1199 (11th Cir. 2009) (emphasis added).

4

Even if Tomas Juan could show that she suffered past persecution on account of a protected ground, she cannot show that it is more likely than not that her life or freedom would be threatened upon removal to Guatemala, or that she will be tortured at the acquiescence of the government. The BIA correctly found, in accordance with the record, that the guerrillas and the government of Guatemala signed peace accords which ended the civil war in 1996, the very year in which Tomas Juan fled her country. In light of these changed political circumstances, there is nothing in the record to demonstrate a likelihood of future persecution. Substantial evidence supports the BIA's decision, and the record does not compel reversal.

**PETITION DENIED IN PART, DISMISSED IN PART.**